188 So. 76

### WARE v. STATE.

#### 2 Div. 666.

Court of Appeals of Alabama.

April 11, 1939.

L. S. Moore, of Centerville, for appellant.

Thos. S. Lawson, Atty. Gen., and Edwina Mitchell, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The evidence in this case, without dispute or conflict, discloses that the homicide complained of in this case was committed on Christmas eve night 1937, at a dance in Centerville, Bibb County, Alabama. On said occasion this appellant admittedly shot and killed Crawford Collier, the deceased named in the indictment, with a pistol. During the same encounter he also seriously wounded State witness Jim Chisolm, by shooting him three times with a pistol.

At the March 1938 session of the circuit court the grand jury returned an indictment against this appellant charging him with the offense of murder in the first degree, i. e. that he unlawfully, and with malice aforethought, killed Crawford Collier by shooting him with a pistol.

The trial was had on the 23rd day of March 1938, and resulted in the conviction of the defendant for the offense of murder in the second degree, and the jury, as the law requires, fixed his punishment, the term of imprisonment being placed at ten years in the penitentiary. The court duly adjudged the defendant guilty of murder in the second degree and pronounced sentence accordingly. From the judgment of conviction this appeal was taken.

We have carefully and attentively considered this case as portrayed by this record, and we are clear to the conclusion that no semblance of error was committed by the trial court in any of the rulings invoked upon the trial.

As stated, the defendant admittedly killed the deceased. He relied upon self-defense to justify his acts in this connection.

The few exceptions reserved to the court's rulings upon the admission of evidence are so clearly free from error a detailed discussion is not deemed necessary. In our opinion it would be difficult to conceive how anyone charged with crime could have been accorded a fairer trial than the trial of the defendant in this case. In the court's oral charge, which was able, full and complete, the court carefully safeguarded every substantial right of the defendant; and the same appears true as to the taking of the testimony. In this respect the accused was allowed even more latitude than he was entitled, in undertaking to sustain his plea of self-defense. The evidence tended to show that the feeling between defendant and Chisolm was not good and there was some evidence which tended to show that these two parties had on former occasions uttered threats against each other. The defendant was allowed to testify that at the time of the shooting, "Jimmy (Chisolm) pulled something out of his pocket, it looked like a pistol, and I shot; * * it looked like a pistol Jimmy pulled from his pocket; it looked like a small pistol that Crawford had in his hand." This was the only testimony tending to show that either of the injured parties had a pistol notwithstanding there were several eyewitnesses to the shooting who testified on the trial; and notwithstanding also, that after the shooting no pistol was found upon either of the bodies of the two victims of this appellant.

Refused charges A and B, requested by the defendant, were affirmative in their nature and undertook to have a directed verdict for the defendant. There is no phase of this case entitling the defendant to these charges. The evidence in its every material aspect was in conflict, therefore the court properly ruled it was without authority to direct a verdict.

The remaining two refused charges undertook to announce principles of law already given to the jury by the court in its oral charge. These two charges were subject to other criticism unnecessary to enter into, the law being where the court has already fairly and substantially covered refused written charges it is sufficient and the court is not called upon or required to repeat propositions of law thus covered.

The *motion for a new trial* was properly overruled. Nothing was presented other than the questions raised upon the main trial.

We are clear to the conclusion that this appellant has been accorded a fair and impartial trial, free from prejudicial error. The evidence adduced was ample to sustain the verdict of the jury, and to support the judgment of conviction. In our opinion this appellant was indeed fortunate in light of the leniency accorded by the jury in connection with the merciful degree of punishment fixed by its verdict.

Affirmed.